

# Missouri Court of Appeals

## Southern District

### Division One

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD36578 |
| | ) | |
| PAMELA RUTH CAMPANELLA, | ) | **Filed: October 29, 2020** |
| | ) | |
| Defendant-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF HICKORY COUNTY

Honorable James A. Hackett, Associate Circuit Judge

**REVERSED AND REMANDED**

Pamela Ruth Campanella ("Defendant") complains in a single point that the court erred in finding that she knowingly, voluntarily, and intelligently waived counsel in violation of her right to counsel and due process because there was neither an express nor an implied waiver of counsel. In support of her point, Defendant points to the transcript which shows no indication that she wanted to represent herself and no indication that she signed a waiver of counsel. The trial court indicated that it would allow Defendant's

1

attorney to withdraw shortly before trial,[1] but if Defendant were unable to hire counsel she would have to represent herself.  When she was unable to obtain counsel, the trial court did not inquire into her indigency[2] and failed to conduct a *Faretta* hearing.[3]  The State concedes that the trial court did not adequately establish that Defendant knowingly, voluntarily and intelligently waived her right to counsel.

Defendant's point is granted; the judgment is reversed and the case is remanded for a new trial.

Nancy Steffen Rahmeyer, P.J. – Opinion Author

Daniel E. Scott, J. – Concurs

William W. Francis, Jr., J. – Concurs

---

[1] Defendant informed the trial court that her attorney could not hear her, that he could not find her file, and that he could not remember what was going on most of the time so she reluctantly had to let him go.  She contended she had a file of 19 witnesses that he should have called but failed to do so.

[2] A public defender represented Defendant at the sentencing hearing, at which time the court took up a motion for new trial based in part on the issue of Defendant not adequately knowingly and voluntarily waiving her right to counsel.

[3] *Faretta v. California*, 422 U.S. 806 (1975).